NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT J. and JAIME RYAN,<br><br>       Plaintiffs,<br>   v.<br><br>LIBERTY MUTUAL INSURANCE,<br><br>       Defendant. | **OPINION**<br><br>Civ. No. 14-06308 (WHW) (CLW) |

**Walls, Senior District Judge**

  In this insurance coverage dispute arising from Hurricane Sandy, the Clerk entered default against Defendant Liberty Mutual Insurance ("Liberty Mutual") after it failed to answer or otherwise respond to Plaintiffs' complaint. Liberty Mutual now moves to set aside the entry of default. Without oral argument under Federal Rule of Civil Procedure 78(b), the Court grants Liberty Mutual's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

  Plaintiffs Robert and Jaime Ryan, New Jersey residents whose home was damaged during Hurricane Sandy, initiated this action against Liberty Mutual, their provider of homeowners' insurance, on October 10, 2014. Compl. ¶¶ 1, 3, 6, ECF No. 1. The action invokes the Court's diversity jurisdiction, as Liberty Mutual is a Massachusetts corporation with a principal place of business in Massachusetts. *Id.* ¶¶ 9-11. Plaintiffs' central allegation is that "Liberty Mutual has unreasonably and in bad faith denied coverage and underpaid for the damage to [Plaintiffs'] home and contents" from Hurricane Sandy. *Id.* ¶ 6. They also allege that Liberty Mutual engaged in fraudulent conduct as part of "an ongoing, widespread and continuous scheme to defraud its insureds." *Id.* ¶¶ 43-44. Plaintiffs assert claims for breach of contract, breach of the implied

**NOT FOR PUBLICATION**

covenant of good faith and fair dealing, and violation of the New Jersey Consumer Fraud Act ("NJCFA"). *Id.* ¶¶ 27-46.

On November 6, 2014, Plaintiffs' counsel mailed Liberty Mutual notice of the present lawsuit and requested that Liberty Mutual waive service of a summons. Decl. of Eugene Kublanovsky, Esq. ("Kublanovsky Decl."), Ex. C, ECF No. 9-4. Plaintiffs' counsel sent Liberty Mutual a proposed waiver form which stated that Liberty Mutual had sixty days from the date of Plaintiffs' waiver request, November 6, 2014, to file an answer or responsive motion. *Id.*, Ex. B, ECF No. 9-3. William P. Krauss, Esq., counsel for Liberty Mutual, signed and returned the waiver form on November 26, 2014. *Id.* The sixty day period within which Liberty Mutual was required to file an answer or responsive motion expired on January 5, 2015. Fed. R. Civ. P. 12(a)(1)(A)(ii).

On January 13, 2015, Liberty Mutual applied for an extension of time to answer or otherwise respond to Plaintiffs' complaint. App. for Extension, ECF No. 5. The application incorrectly refers to January 19, 2015 as the deadline for Liberty Mutual's answer or responsive motion. *Id.* The Clerk denied Liberty Mutual's extension request because the actual January 5, 2014 deadline had already expired. Plaintiffs moved for entry of default, which was granted on January 20, 2015.

On January 29, 2015, Liberty Mutual filed the present motion to set aside the entry of default. Motion to Set Aside Default, ECF No. 8. Liberty Mutual indicates that it miscalculated the deadline for responding to Plaintiffs' complaint. Def.'s Br. 1, ECF No. 8-2. Liberty Mutual argues that the Court should set aside the entry of default because it has meritorious defenses, its default was not willful, and Plaintiffs will not be prejudiced. *Id.* 4-6. Plaintiffs oppose Liberty Mutual's motion. Pls.' Opp., ECF No. 9.

**NOT FOR PUBLICATION**

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that the "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "In deciding whether to set aside a default . . . a district court is to consider (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 459 (3d Cir. 2011) (internal quotations omitted). In some cases, the Court of Appeals for the Third Circuit "has also considered 'the effectiveness of alternative sanctions.'" *Id.* (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)). The Third Circuit has instructed that "a standard of liberality should be applied in considering a motion to set aside a default." *Medunic v. Lederer*, 533 F.2d 891, 894 (3d Cir. 1976). "[A]ny doubt should be resolved in favor of the petition to set aside judgment so that cases may be decided on their merits." *Id.* (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245-46 (3d Cir. 1951)); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable.").

## DISCUSSION

### 1. Liberty Mutual Has Presented Meritorious Defenses

The Third Circuit considers the meritorious-defense factor the "threshold issue in opening a default judgment." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (quoting *Hritz*, 732 F.2d at 1180). Courts look to whether the defendant has "set forth with some specificity the grounds for his defense," and "then look at the substance of that defense to determine whether it is meritorious." *Id.* Courts do not, however, decide the legal issue at this stage. *Id.* (citing *Emcasco*, 834 F.2d at 74). A meritorious defense is

**NOT FOR PUBLICATION**

shown when a defendant's "allegations, if established at trial, would constitute a complete defense." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

Liberty Mutual presents meritorious defenses to Plaintiffs' claims. As to Plaintiffs' claims for breach of contract and the implied covenant of good faith and fair dealing, Liberty Mutual asserts that it met its obligations under Plaintiffs' insurance policy. Def.'s Br. 4-6. Liberty Mutual contends that it performed appropriate investigation of the damages to Plaintiffs' home "through two visits to the property," "recorded the condition of the property in more than one hundred photographs," properly adjusted Plaintiffs' claim, corresponded with Plaintiffs, and paid Plaintiffs' policy benefits. *Id.* at 5. If established at trial, Liberty Mutual's satisfaction of its contractual obligations by paying appropriate policy benefits would defeat Plaintiffs' breach of contract claim. It would also defeat Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing. To establish a breach of the implied covenant under New Jersey law, a plaintiff must show that "the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assoc.*, 864 A.2d 387, 396 (N.J. 2005). If Liberty Mutual were to establish at trial that it properly investigated and paid Plaintiffs' policy benefits, Plaintiffs could not establish that they were denied the benefit of their bargain.

Liberty Mutual's contention that it made a proper benefit payment to Plaintiffs also is a meritorious defense to Plaintiffs' claims under the New Jersey Consumer Fraud Act. To state a cause of action under the NJCFA, a plaintiff must allege: (1) a defendant's unlawful practice, (2) an ascertainable loss by the plaintiff, and (3) a causal connection between the two. *Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 929 A.2d 1076, 1086 (N.J. 2007). If Liberty Mutual were to establish at trial that it paid Plaintiffs' policy benefits

4

appropriately, Plaintiffs would be unable to show the ascertainable loss necessary to sustain their NJCFA claim. The Court finds that Liberty Mutual has presented meritorious defenses.

### 2. There Is Insufficient Prejudice to Plaintiffs

"Prejudice is established . . . when a plaintiff's 'ability to pursue the claim has been hindered . . . [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Nationwide Mut. Ins. Co.*, 175 F. App'x at 524 (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). "[D]elay in realizing satisfaction on a claim rarely serves to establish [a sufficient] degree of prejudice." *Id.* at 523-24 (quoting *Feliciano*, 691 F.2d at 656-57). Here there is no showing that Plaintiffs' ability to make their case will be harmed. Liberty Mutual moved to set aside the default only nine days after it was entered and Plaintiffs have not moved for default judgment. Any prejudice to Plaintiffs arising from the short delay caused by Liberty Mutual's inaction is insufficient to weigh against setting aside the default.

### 3. Liberty Mutual's Conduct Was Not Culpable

To find a defendant's conduct culpable, "more than mere negligence [must] be demonstrated." *Hritz*, 732 F.2d at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id.* Culpable conduct, in this context, "is conduct that is taken willfully or in bad faith." *Hill v. Williamsport Police Dept.*, 69 F. App'x 49, 52 (3d Cir. 2003) (quotations omitted). Liberty Mutual asserts that its failure to answer or otherwise respond to Plaintiffs' complaint by the deadline "was due to a miscalculation" of the deadline date. Def.'s Br. 5. Finding no evidence that Liberty Mutual's miscalculation was willful, and resolving any doubt in favor of setting aside the default, the Court finds that Liberty Mutual missed the filing deadline due to negligence rather than culpable conduct.

**NOT FOR PUBLICATION**

    4. Alternative Sanctions

Plaintiffs suggest that if the Court sets aside the entry of default, "an appropriate sanction would be prohibiting Defendant from moving to dismiss based on statute of limitations grounds." Pl.'s Opp. 7. The Court sees no basis for imposing this sanction.

## CONCLUSION

Liberty Mutual has shown that an order setting aside the entry of default is warranted: it has presented meritorious defenses, its conduct was not culpable, and Plaintiff will not suffer sufficient prejudice. The Court grants Liberty Mutual's motion to set aside the entry of default. An appropriate order follows.

Date: April 1, 2015

                                          **/s/ William H. Walls**
                                          United States Senior District Judge