# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT J. and JAIME RYAN,<br><br>       Plaintiffs,<br>  v.<br><br>LIBERTY MUTUAL INSURANCE,<br><br>       Defendant. | **OPINION**<br>Civ. No. 14-6308 (WHW-CLW) |

**Walls, Senior District Judge**

  Plaintiffs Robert and Jaime Ryan move for reconsideration of the Court's January 17, 2017 Opinion and Order granting Defendant Liberty Mutual's motion to dismiss. ECF Nos. 37–38. Decided without oral argument under Federal Rule of Civil Procedure 78, Plaintiffs' motion is DENIED.

  The facts of this case are more fully discussed in the Court's January 17, 2017 Opinion granting Defendant's motion for summary judgment. ECF No. 37. Briefly, after Plaintiffs' home was damaged during Hurricane Sandy, Defendant denied Plaintiffs' flood damage benefits under their Liberty Mutual homeowner's insurance policy. Plaintiffs brought suit alleging breach of contract, bad faith, and violation of the New Jersey Consumer Fraud Act ("NJCFA"). The NJCFA claim is the subject of this motion.

  On June 28, 2016, Defendant moved for summary judgment. ECF No. 29-1. Defendant argued that the Plaintiffs' insurance contract contained a one-year suit limitation, and that the claims were therefore time-barred. *Id.* at 13.

The Plaintiffs responded, in relevant part, that the one-year limitation was inapplicable to the NJCFA claim. ECF No. 32 at 16–17. The Court disagreed and granted the Defendant's motion for summary judgment on January 17th, 2017. ECF Nos. 37, 38. The Opinion explained that the one-year contractual suit limitation applied to the NJCFA claim because it "related directly" to the contract dispute. ECF No. 37 at 10.

The Plaintiffs then filed this motion for reconsideration of the January 17, 2017 Opinion ("2017 Opinion"). ECF No. 39-2 at 3. The Plaintiffs do not claim that the 2017 Opinion misapplied case precedent or otherwise challenge its statements of law or fact. The Plaintiffs argue only that the Court violated the Law of the Case doctrine by "revers[ing] its previous holding that [the NJCFA claim was] . . . distinct from [Plaintiffs'] underpayment claims and therefore subject to the longer NJCFA statute of limitations." *Id.* at 5.

**LEGAL STANDARD**

Local Civil Rule 7.1(i) allows a party to seek a motion for reconsideration within 14 days after entry of the judgment. The motion must set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i). Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). In order to succeed on a motion for reconsideration, a party "must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Leja v. Schmidt Mfg.*, No. 01-5042, 2010 U.S. Dist. LEXIS 66145, at 15–16 (D.N.J. July 1, 2010) (citation omitted).

## DISCUSSION

Plaintiffs argue that the Court reversed an earlier holding in its July 8, 2015 Opinion denying the Defendant's motion to dismiss ("2015 Opinion"). ECF No. 39-2 at 3. They argue that finding the NJCFA claims directly related to the insurance policy and subject to the one-year suit limitation was a reversal of the 2015 holding that the fraud claim was "distinct" from the contract claims and therefore actionable under the NJCFA. *Id.* at 5. The Court disagrees.

### A. The 2015 Opinion Held That the Fraud Claim Targeted Defendant's Performance of the Contract, Not the Benefit Underpayment.

The 2015 Opinion denied the Defendant's motion to dismiss the NJCFA claim. N.J. Stat. Ann. § 56:8-2 (Westlaw through L.2017, c. 143 and J.R. No. 10.). Nowhere in that Opinion did the Court consider the limitations period as to any of Plaintiffs' claims.

The Defendant had argued that the claim should be dismissed because the NJCFA does not apply to the payment of insurance benefits. ECF No. 14-1 at 5. In response, Plaintiffs argued that given the legislative intent to deter consumer fraud, the NJCFA should be applicable to such benefits payments. ECF No. 16 at 4. As the 2015 Opinion acknowledged, the New Jersey Supreme Court has not yet resolved this issue. *See* ECF No. 18 at 3.

The 2015 Opinion adopted the reasoning of the Third Circuit, stating that the NJCFA applied "to an insurer's 'performance in providing the benefits [of an insurance contract.]'" ECF No. 18 at 3 (quoting *Weiss v. First Unum Life Ins. Co.*, 482 F.3d 254, 266 (3d Cir. 2007)); *see also Weiss*, 482 F.3d at 266 ("[The New Jersey Supreme Court's] sweeping statements regarding the application of the [NJ]CFA to deter and punish deceptive insurance practices makes us

3

question why it would not conclude that the performance in providing of benefits . . . is covered[.]"). The 2015 Opinion also approvingly acknowledged a line of cases in the New Jersey Appellate Division holding that the NJCFA does not apply to the actual payment of insurance benefits. ECF No. 18 at 6; *see, e.g., Myska v. New Jersey Mfrs. Ins. Co.*, 440 N.J. Super. 458, 485 (App. Div. 2015) ("[The NJCFA] was not intended as a vehicle to recover damages for an insurance company's refusal to pay benefits.").

The 2015 Opinion therefore distinguished claims disputing the merits of a benefit denial from claims alleging fraud independent of the benefit decision. The Opinion held that the Plaintiffs' NJCFA claim was proper because it targeted Liberty Mutual's later conduct in performing the contract, not merely the benefit denial. ECF No. 18 at 6 ("Plaintiffs make clear that their NJCFA claim targets Liberty Mutual's conduct in performing its contract obligations—which distinguishes their NJCFA claim from the type of mere underpayment allegation that concerns the New Jersey Appellate Division.").

### B. The 2017 Opinion Applied the Suit Limitation Because the Consumer Fraud Claims Directly Related To the Insurance Contract.

The 2017 Opinion granted the Defendant's motion for summary judgment. Defendant argued that the Plaintiffs' claims were barred by a one-year suit limitation contained in the insurance contract. Defendant argued that the one-year suit limitation applied to the NJCFA claim as well as the contract claims because the consumer fraud claim "exist[ed] only in relation to the contract [which contained the suit limitation]." ECF No. 29-1 at 13.

In response, the Plaintiffs argued that because the NJCFA claim was "distinct" from the breach of contract claims, the default six-year statute of limitations should apply. ECF No. 32 at 16–17.

The Court granted the motion, explaining that the suit limitation applied because the NJCFA claim "related directly to the insurance policy [contract] dispute." ECF No. 37 at 10. Because the contract contained the limitation, the NJCFA claim relating to that contract was also subject to the limitation. *Id*; *see Biegalski v. Am. Bankers Ins. Co.*, No. 14-6197 (RBK/ KMW), 2016 WL 1718101, at *4 (D.N.J. Apr. 29, 2016) (applying contractual suit limitation to NJCFA claims related to the contract)).

### C. The Holdings are Not Inconsistent.

The 2015 Opinion held that the Plaintiffs alleged a consumer fraud claim sufficient to survive a motion to dismiss. The 2017 Opinion held that the Plaintiffs failed to present evidence at the summary judgment stage demonstrating that the claim was independent of the contract and therefore not governed by its one-year suit limitation. This is not inconsistent, nor is it a "reversal of [the Court's] previous holding" as Plaintiffs claim. ECF No. 39-2, at 5.
The 2017 Opinion merely held that the NJCFA claim, while independent of the merits of the benefit denial, was nonetheless related to the contract and bound by its suit limitation. ECF No. 37 at 10.

### CONCLUSION

The January 17th, 2017 Opinion does not overlook or reverse an earlier holding in this case, and the Plaintiffs do not otherwise challenge the Opinion's statements of law or fact.

Consequently, Plaintiffs' motion for reconsideration, ECF No. 39, is DENIED. An appropriate order will follow.

DATE: 4 October

William H. Walls
Senior United States District Court Judge